UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TIMOTHY A. JONES,

    Petitioner,

v.                                          Case No. 8:25-cv-3428-TPB-AEP

SECRETARY, DEPARTMENT OF
CORRECTIONS,

    Respondent.
_____

## ORDER

Timothy A. Jones is a Florida prisoner serving a 25-year sentence for attempted first-degree murder. He initiated this action by filing a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254. (Doc. 1) Upon consideration of the petition, and in accordance with the Rules Governing Section 2254 Cases in the United States District Courts, Jones's petition must be dismissed as an unauthorized second or successive petition.

Jones challenges his state court conviction entered in case 2020-CF-007344-A000-XX. Jones neither paid the required filing fee nor moved for leave to proceed *in forma pauperis*. Rule 4, Rules Governing Section 2254 Cases, requires both a preliminary review of a habeas petition and a summary dismissal, "[i]f it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court[.]"

Jones has previously sought federal habeas relief challenging the same conviction that is the subject of the petition filed in this case. *See Jones v. Secretary, Dep't of Corr.*, 8:25-cv-1953-WFJ-NHA. Jones's petition was dismissed as untimely because it was filed almost two years after the limitation period expired and because he showed no entitlement to equitable tolling of the limitation period. *See id.* at Doc. 7. Jones did not obtain authorization from the circuit court to challenge that decision.

The present petition is an authorized second or successive petition because it challenges the same state court judgment that Jones challenged in his earlier § 2254 petition. *See Magwood v. Patterson*, 561 U.S. 320, 338–39 (2010) (stating that a § 2254 petition attacking the same state court judgment that was challenged in an earlier § 2254 petition is successive). "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

Consequently, this Court lacks jurisdiction to review Jones's petition unless and until the circuit court grants him permission to file a second or successive petition. *See Burton v. Stewart*, 549 U.S. 147, 157 (2007) ("Burton neither sought nor received authorization from the Court of Appeals before filing his 2002 petition, a 'second or successive' petition challenging his

custody, and so the District Court was without jurisdiction to entertain it."); *Hubbard v. Campbell*, 379 F.3d 1245, 1246–47 (11th Cir. 2004) (finding that a district court lacks subject matter jurisdiction to review a second or successive application if an applicant lacks the authorization from the circuit court required under Section 2244(b)(3)(A)). Jones does not allege that he has applied to the circuit court for an order authorizing the Court to consider his application.

Accordingly, Jones's petition is **DISMISSED** as an unauthorized second or successive petition. The **CLERK** is directed to **CLOSE** this case. Because the Court lacks jurisdiction to consider Jone's petition, the Court cannot issue a certificate of appealability. *See Williams v. Chatman*, 510 F.3d 1290, 1295 (11th Cir. 2007) (holding that when a petitioner did not obtain authorization to file a successive habeas petition, "the district court lacked subject matter jurisdiction to consider the successive petition, and therefore could not issue a COA with respect to any of these claims.").

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 18th day of December, 2025.

*[signature]*

**TOM BARBER**
**U.S. DISTRICT JUDGE**